# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SONY INTERACTIVE ENTERTAINMENT LLC,** | Case No. **1:25-cv-12835** |
| Plaintiff, | |
| *~ versus ~* | **District Judge** Honorable Jorge Luis Alonso |
| **THE PARTNERSHIPS** *and* **UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",,** | **Magistrate Judge** Laura K. McNally |
| Defendants. | |

## MEMORANDUM OF LAW *by*
## DEFENDANT LINGCHUNKEJI *in Support of*
## MOTION TO DISMISS

By:     Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Defendant Lingchunkeji*

A. **<u>Table of Contents</u>**

**B.**     **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**     **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**     **Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**E.**     **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      1.     Standard to Dismiss Under Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          a.     Standard for Dismissal for Lack of
             Personal Jurisdiction over Defendant . . . . . . . . . . . . . . . . . . . . 4

          b.     Standard for Dismissal for
             Lack of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          c.     Standard for Dismissal for
             Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          d.     Standard for Dismissal
             for Misjoinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      2.     This Court Lacks Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . .6

      3.     Plaintiff Has Not
          Served Ling with Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      4.     Plaintiff Has Failed to State a Claim
          upon which Relief can be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      5.     Joinder is Improper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**F.**     **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.      Table of Authorities

# TABLE OF AUTHORITIES

**CASES**

*Abdullahi v. Pfizer, Inc.*,
562 F.3d 163 (2d Cir. 2009).......................................................................... 6, 10

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
751 F.3d 796 (7th Cir. 2014) ............................................................................ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................... 6, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ 6

*BMG Music v. Does 1-203, No. Civ.A. 04-650*,
2004 WL 953888 (E.D. La. Apr. 29, 2004) .................................................... 11

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S. Ct. 1773 (2017)....................................................................................... 7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)............................................................................................ 7

*Cardenas v. City of Chi.*,
646 F.3d 1001 (7th Cir. 2011) ........................................................................... 5

*Case No.*,
1:25-cv-07899 ..................................................................................................... i

*DiLeo v. Ernst & Young*,
901 F.2d 624 (7th Cir. 1990) ........................................................................ 6, 10

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court*,
141 S. Ct. 1017 (2021)....................................................................................... 7

*GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*,
565 F.3d 1018 (7th Cir. 2009) ........................................................................... 4

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)........................................................................................ 5, 7

*Maxon v. Hess Oil V.I. Corp.*,
 703 F.2d 147 (3d Cir. 1983) ...................................................................................... 9

*Motown Record Corp. v. Does 1-796, No. 06 C*,
 1820, 2006 WL 1155827 (N.D. Ill. Apr. 28, 2006) ............................................... 11

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
 338 F.3d 773 (7th Cir. 2003) ............................................................................... 4, 5

*RAR, Inc. v. Turner Diesel, Ltd.*,
 107 F.3d 1272 (7th Cir. 1997) ............................................................................. 5, 8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
 486 U.S. 694 (1988)............................................................................................. 5, 8

**FEDERAL RULES**

Fed. R. Civ. P. 4 ...................................................................................................... 9

Fed. R. Civ. P. 4(a)(1)............................................................................................. 9

Fed. R. Civ. P. 4(f).................................................................................................. 5

Fed. R. Civ. P. 12 ................................................................................................... 1

Fed. R. Civ. P. 12(b)(2)........................................................................................... 1

Fed. R. Civ. P. 12(b)(4)........................................................................................ 1, 5

Fed. R. Civ. P. 12(b)(5)........................................................................................... 1

Fed. R. Civ. P. 20(a)(2)......................................................................................... 11

<h2 style="text-align:center">C.     Introduction and Factual Background</h2>

Defendant **LINGCHUNKEJI** ("Ling" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Sony Interactive Entertainment LLC's ("Plaintiff" or "SIE") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).  Alternatively, the Defendant respectfully submits that the case as against Ling should be severed as it has been misjoined in this case.[1]

While the Court is undoubtedly prepared to read the standard litany of reasons why service was improper and incapable of obtaining personal jurisdiction over the Defendant and to rehearse the other standard (but often futile) arguments in favor of dismissing the Complaint, the reality is that post *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, Case No. 24-313, __ F.4th __ (2d Cir. Dec. 15, 2025).

*Smart Study* was a case by the intellectual property owners of the "Baby Shark" franchise who filed a Schedule A case in New York.  As far as the Undersigned is aware, this was the first decision by a United States Circuit Court of Appeals that directly addressed the applicability of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U. S. T. 361, T. I. A. S. No. 6638 (Nov. 15, 1965)(the "Hague Service Convention").

Circuit Judge Sullivan writing for the Court upheld the District Judge's decision that found the "Hague Service Convention does not permit email service on the China-based defendants", whose addresses are known.  We therefore respectfully submit that the arguments

---

[1]     As this Motion was being finalized, the Plaintiff apparently docketed a Motion for Default. Since no Default has been entered, the Moving Defendant respectfully requests leave to file this Motion out of time.  To the extent that the Court will require a formal Motion to Vacate the default, the Defendants will so file.

below – often rejected by the Judges of the Northern District – should be carefully considered in light of the Second Circuit's decision directly on the issue.

That said, the Complaint is a textbook example of overreach in mass-defendant litigation. Rather than properly identifying and investigating individual defendants, Plaintiff has filed a blanket lawsuit against an amorphous group of "Partnerships and Unincorporated Associations" improperly joined in a single action based on alleged joint operation, Complaint ¶ 20, which has plainly been disproved by the evidence.

This Motion should be granted for four independent reasons:

First, this Court lacks personal jurisdiction over Ling. Plaintiff has failed to allege sufficient minimum contacts between Ling and Illinois, and Plaintiff has not demonstrated that Ling purposefully availed itself of the privilege of conducting business in Illinois or the United States.

Second, Plaintiff has failed to properly serve Ling. The Complaint provides no evidence that Ling has been served with process consistent with the Hague Service Convention.

Third, the Complaint fails to state a claim upon which relief can be granted. Plaintiff makes only conclusory allegations against all defendants collectively and fails to provide any particularized factual allegations connecting Ling to the alleged infringing conduct.

Fourth, Plaintiff's attempt to join numerous unrelated defendants based solely on parallel allegations of similar conduct calls for dismissal for misjoinder.

For these reasons, and those set forth below, Ling respectfully requests that this Court dismiss the Complaint with prejudice for lack of personal jurisdiction, insufficient service of process, and failure to state a claim.

## D.     Procedural Background

On October 21, 2025, Plaintiff filed its Complaint against "The Partnerships and Unincorporated Associations Identified on Schedule A" alleging trademark infringement, false designation of origin, and copyright infringement. (Compl. ¶ 1). The Complaint alleges that defendants operate e-commerce stores under various seller aliases and have offered for sale products bearing counterfeit versions of Plaintiff's PLAYSTATION trademarks and unauthorized copies of copyrighted works. (Compl. ¶¶ 3, 23-25).

Rather than naming specific defendants with identifiable business addresses and legal identities, Plaintiff has chosen to sue a mass of unnamed "Partnerships and Unincorporated Associations" lumped together on Schedule A. (Compl. ¶ 1). Plaintiff admits that the "tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for SIE to discover Defendants' true identities and the exact interworking of their network." (Compl. ¶ 20).  While the Plaintiff has since been provided ownership information by the platforms sufficient to purportedly serve process by e-mail, they have not amended their complaint to establish *any* basis for Joinder.

Without explanation and any evidence of joint action by the Defendants, the Complaint makes sweeping allegations that Defendants collectively operate e-commerce stores, engage in counterfeiting, and target U.S. consumers, but provides no specific factual allegations connecting Ling individually to any of the alleged infringing conduct. (Compl. ¶¶ 23-32). Instead, Plaintiff makes conclusory statements that defendants "on information and belief" reside or operate in China or other foreign jurisdictions and have sold allegedly infringing products to Illinois residents. (Compl. ¶¶ 2, 19).

Nothing in the record establishes or even properly alleges personal jurisdiction over Defendant Ling. The purported service of process was inconsistent with th Hague Service Convention. The Complaint makes no specific claims against Ling. And Ling is improperly joined in this action.

For these reasons, the moving Defendant respectfully seeks to dismiss the Complaint.

## E    ARGUMENT

### 1.    Standard for Dismissal Under Rule 12

**a.    Standard for Dismissal for Lack of
Personal Jurisdiction over Defendant**

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, the court decides the motion without an evidentiary hearing, the plaintiff needs only make a prima facie showing of jurisdictional facts. *Id.* In resolving the motion, the court must accept as true all well-pleaded allegations in the complaint and resolve all factual disputes in the plaintiff's favor. *Purdue Research*, 338 F.3d at 782.

However, the plaintiff cannot "rely on the pleadings alone but must submit affirmative evidence, such as affidavits, deposition testimony, or written admissions, supporting the exercise of jurisdiction." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 (7th Cir. 2009).

To establish personal jurisdiction over an out-of-state defendant, the plaintiff must demonstrate that: (1) the defendant has sufficient "minimum contacts" with the forum state such

4

that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice," and (2) the exercise of jurisdiction is authorized by the forum state's long-arm statute. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Because Illinois's long-arm statute extends to the limits of federal due process, the two inquiries merge into one. *Purdue Research*, 338 F.3d at 780.

**b.    Standard for Dismissal for
        Lack of Service**

Federal Rule of Civil Procedure 12(b)(4) permits dismissal for insufficient process, while Rule 12(b)(5) permits dismissal for insufficient service of process. The plaintiff bears the burden of proving that service was properly effected. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Service of process on a defendant located in a foreign country must comply with Federal Rule of Civil Procedure 4(f) and, where applicable, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

The local caselaw is discussed more fully below, but importantly last month the Second Circuit issued the first decision directly on point, as far as the Undersigned is aware, in the case of *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, Case No. 24-313, __ F.4th __ (2d Cir. Dec. 15, 2025).  It found that Service cannot be effected by e-mail on a China-based Defendant whose address is known.

**c.      Standard for Dismissal for**
**          Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**d.      Standard for Dismissal for**
**          Misjoinder**

Where a complaint names multiple defendants, "a plaintiff must, at a minimum, inform each defendant of the nature of its alleged participation in the fraud." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiffs "may not lump all of the defendants together in each claim and provide no factual basis to distinguish their conduct." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 180 (2d Cir. 2009).

**2.      This Court Lacks Personal Jurisdiction**
**Over Ling**

Plaintiff failed to establish that this Court has personal jurisdiction over Ling. The Complaint contains only vague, conclusory allegations that "Defendants" *collectively* target U.S. consumers through e-commerce platforms. (Compl. ¶¶ 2, 23). Plaintiff makes no specific allegations regarding LINGCHUNKEJI's contacts with Illinois or the United States.

Due process requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. These contacts must reflect the defendant's "purposeful availment" of the privilege of conducting business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Supreme Court has held that "the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). To satisfy due process, the defendant must have purposefully directed its activities at residents of the forum state, and the litigation must arise out of or relate to those activities. *Id.*; *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

Here, Plaintiff has made no allegations demonstrating that Ling has purposefully directed any activity toward Illinois. The Complaint alleges only that "Defendants" as a collective group operate e-commerce stores and "target United States consumers" generally. (Compl. ¶ 23). This is insufficient. Courts have consistently held that allegations of passive accessibility through websites or general targeting of U.S. consumers does not establish minimum contacts with a specific forum state. See *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (passive website accessibility insufficient for personal jurisdiction).

And while the Courts of this District have split on whether the operation of a website that is accessible to potential customers in Illinois is sufficient, the key point is that the Complaint – as alleged – does not make any specific claim against Defendant Ling that ties them to Illinois in any way. It's not a question of whether the allegations are sufficient or disputed; the

allegations are simply not made.  And as evidenced by the Plaintiffs request for leave to serve by e-mail to the Defendants in China is an acknowledgement that there is no general jurisdiction over Defendant Ling in Illinois.

Vague, cut-and-paste, fact-free claims made "on information and belief" that Defendants sold products to Illinois residents (Compl. ¶ 2) and " reside or operate in China. (Compl. ¶ 19) are exactly the conclusory allegations deemed insufficient to establish personal jurisdiction, *See RAR*, 107 F.3d at 1276.

Moreover, Plaintiff acknowledges the difficulty of identifying defendants, stating that "tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for SIE to discover Defendants' true identities." (Compl. ¶ 20). If Plaintiff cannot identify LINGCHUNKEJI or its activities, it cannot possibly meet its burden of demonstrating minimum contacts with Illinois.

### 3.     Plaintiff Has Not Served Ling with Process

The Record shows no evidence that Plaintiff served Ling properly.

Plaintiff alleges that defendants, "on information and belief," "reside and/or operate in the People's Republic of China or other foreign jurisdictions." (Compl. ¶ 19). Where a defendant is located in a foreign country that is a signatory to the Hague Service Convention, service must comply with the Convention's requirements. *Volkswagenwerk*, 486 U.S. at 698. The People's Republic of China is a signatory to the Hague Convention.

last month the Second Circuit issued the first decision directly on point, as far as the Undersigned is aware, in the case of *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, Case No. 24-313, __ F.4th __ (2d Cir. Dec. 15, 2025).  It

found that Service cannot be effected by e-mail on a China-based Defendant whose address is known.

Even if Plaintiff had attempted to comply with the Hague Convention, proper service would be impossible because Plaintiff has failed to provide Ling legal name, business address, or any other information sufficient to identify it as a legal entity capable of being served. The Complaint refers only to seller aliases on e-commerce platforms, which Plaintiff admits are used to "conceal" defendants' identities. (Compl. ¶ 20).

Federal Rule of Civil Procedure 4 requires that the summons identify "the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1). Where a plaintiff cannot properly identify a defendant, service cannot be effectuated. *See Maxon v. Hess Oil V.I. Corp.*, 703 F.2d 147, 148-49 (3d Cir. 1983) (holding service defective where defendants not properly identified).

### 4. Plaintiff Has Failed to State a Claim upon which Relief can be Granted

Even if this Court had personal jurisdiction over Ling and service were proper, the Complaint fails to state a claim upon which relief can be granted because it contains only conclusory allegations lumping all defendants together without providing any specific factual allegations connecting Ling to the alleged infringing conduct.

The Complaint repeatedly refers to "Defendants" collectively. It fails to make out any specific fact about any specific defendant.

Without limitation to other examples, the Complaint alleges:

9

- "Defendants create e-commerce stores operating under one or more Seller Aliases..." (Compl. ¶ 3)

- "Defendants have targeted sales to Illinois residents..." (Compl. ¶ 2)

- "Defendants' activities, occurring at the same time...blend together..." (Compl. ¶ 28)

Such "group pleading" is impermissible under *Iqbal* and *Twombly*. Courts have consistently held that plaintiffs "may not merely lump all of the defendants together" but must instead "inform each defendant of the nature of its alleged participation" in the wrongful conduct. *DiLeo*, 901 F.2d at 627; *see also Abdullahi*, 562 F.3d at 180 (complaint insufficient where it "lump[ed] all of the defendants together in each claim" without distinguishing their conduct).

The Complaint also fails to identify:

- Any specific product that LINGCHUNKEJI allegedly sold;

- Any specific listing or advertisement created by LINGCHUNKEJI;

- Any specific transaction involving LINGCHUNKEJI;

- Any specific trademark used by LINGCHUNKEJI;

- Any specific copyrighted work allegedly infringed by LINGCHUNKEJI; or

- Any other conduct by LINGCHUNKEJI that would constitute trademark or copyright infringement.

These omissions are fatal. Under *Iqbal* and *Twombly*, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, there are no facts alleged from which the Court could reasonably infer that Ling engaged in any infringing conduct.

**5. Joinder is Improper**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants in a single action only if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of "the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

Plaintiff's attempt to join numerous defendants based solely on parallel allegations that they independently operate e-commerce stores selling similar products does not satisfy Rule 20. Courts have consistently held that "separate and distinct" acts of infringement, even if similar in nature, do not arise from "the same transaction or occurrence." *See Motown Record Corp. v. Does 1-796*, No. 06 C 1820, 2006 WL 1155827, at \*2 (N.D. Ill. Apr. 28, 2006) (severing defendants in copyright case where claims arose from "wholly separate and distinct" acts); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. La. Apr. 29, 2004) (same).

Here, Plaintiff alleges that each defendant operates independently through its own seller alias on various e-commerce platforms. There is no allegation of conspiracy, joint enterprise, or coordinated action among defendants. The only common thread is that defendants allegedly sell similar products this is insufficient for joinder under Rule 20. Accordingly, Ling should be severed from this action.

**F.** **CONCLUSION**

For the foregoing reasons, Defendant LINGCHUNKEJI respectfully requests that this Court dismiss the Complaint for the reasons described above.

DATED:        January 20

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system and a courtesy copy to the e-mail of all Appearing Parties.

RESPECTFULLY SUBMITTED,

By: 

Baruch S. Gottesman, Esq.