IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>        Plaintiff,<br><br>v.<br><br>4I54HFUI, et al.,<br><br>        Defendants. | Case No. 25-cv-12835<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Laura K. McNally** |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant lingchunkeji (Def. No. 86) ("Defendant") to respond fully to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, Plaintiff's First Set of Requests for the Production of Documents and Things, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

## BACKGROUND AND LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION

Defendant owns and operates an e-commerce store on Walmart.com ("Walmart") where it advertised, offered for sale, and sold unauthorized and infringing copies of the PlayStation® Copyrighted Works (the "Unauthorized Product"). *See* Declaration of Lucas A. Peterson ("Peterson Decl.") at ¶ 2. A comparison between Defendant's Unauthorized Product and the PlayStation® Copyrighted Works is shown in Figure 1 below. *Id.*; [19-2] at pp. 138-140.



*Figure 1*

On November 7, 2025, this Court entered a Temporary Restraining Order (the "TRO") [29], which was converted to a Preliminary Injunction (the "PI") [44] on December 5, 2025. The TRO authorized Plaintiff to issue expedited written discovery to Defendant via e-mail, with

Defendant's responses due within three business days. [29] at ¶ 3. On December 1, 2025, Plaintiff served its First Set of Interrogatories,[1] First Set of Requests for Admissions,[2] and First Set of Requests for Production[3] (collectively, the "First Discovery Requests") on Defendant. *See* Peterson Decl. at ¶ 3. The deadline for Defendant to respond to Plaintiff's First Discovery Requests was December 4, 2025. *Id*. On January 21, 2025, Defendant filed its Motion to Dismiss [63] (the "Motion"). Defendant has not disclosed its affiliates under Local Rule 3.2. *Id*. at ¶ 4.

Pursuant to Local Rule 37.2, the Parties conferred regarding Defendant's failure to respond to Plaintiff's First Discovery Requests on February 9, 2026, via video conference. *See* Peterson Decl. at ¶ 4. At the conference, Defendant agreed to respond to discovery and produce responsive documents by February 11, 2026. *Id.* As of the time of filing this motion, Defendant has failed to serve the responses to Plaintiff's First Discovery Requests. *Id.*

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the parties failing to act in an effort to obtain the responses without court action.

## ARGUMENT

### I. Legal Standard

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel

---

[1] Attached hereto as **Exhibit 1**.
[2] Attached hereto as **Exhibit 2**.
[3] Attached hereto as **Exhibit 3**.

discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

## II. Defendant Should Be Required to Respond to Plaintiff's First Discovery Requests

Defendant has refused to produce written responses and documents to Plaintiff's First Discovery Requests. Plaintiff's First Discovery Requests include numerous requests for information and documentation that are necessary for Plaintiff to ascertain the size and scope of Defendant's sales of the Unauthorized Product. Plaintiff does not have, and neither the platform nor Defendant have provided, information or documents about Defendant's identity, business operations, sales, any other products or stores, any other financial accounts that receive payments or hold assets for Defendant besides Walmart, or other stores operated by Defendant. *Id*. at ¶ 5. Importantly, Defendant has failed to conduct a search to determine how many products using the PLAYSTATION Trademarks and/or PLAYSTATION Copyrighted Works were sold on Defendant's Walmart store or on any other e-commerce stores that Defendant may operate, including other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. *Id*. Thus, Plaintiff cannot determine Defendant's sales of infringing and unauthorized products, and this information is solely within Defendant's possession.

It is not unreasonably burdensome for Defendant to conduct a search and provide information and documentation regarding products that were listed for sale on its Walmart store. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data). Defendant also failed to produce

any "documentary proof that particular assets are not the proceeds of counterfeiting activities." *Delta Tech. Dev. LLC v. Bigjoys & Seasonblows.com*, 2024 U.S. Dist. LEXIS 142805, at *16 (N.D. Ill. Aug. 12, 2024). The Court should not permit Defendant to disregard their discovery obligations. Accordingly, the Court should compel Defendant to respond to Plaintiff's First Discovery Requests.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests the Court to compel Defendant to completely and fully respond to Plaintiff's First Discovery Requests.

Dated this 12th day of February 2026.    Respectfully submitted,

/s/ Lucas A. Peterson
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Lucas A. Peterson
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
lpeterson@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify all counsel of record.

/s/ Lucas A. Peterson
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Lucas A. Peterson
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
lpeterson@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*