**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4I54HFUI, et al., <br><br> Defendants. | Case No. 25-cv-12835 <br><br> **Judge Jorge L. Alonso** <br><br> **Magistrate Judge Laura K. McNally** |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS [63]

Plaintiff Sony Interactive Entertainment LLC ("Plaintiff") moves the Honorable Court to strike Defendant lingchunkeji's (Def. No. 86) ("Defendant") Motion to Dismiss [63] (the "Motion"). Defendant's Motion contains fake cases, fake quoted languages, and unsupported citations, all of which appear to be the result of AI hallucinations. The Motion should be stricken or denied (*see* [84]). Additionally, the Court should order Defendant and its counsel to pay for Plaintiff attorneys' fees incurred in connection with responding to the Motion, and enter any other relief the Court deems appropriate.

### ARGUMENT

"News accounts over the last few years leave no doubt that the consequences of AI hallucinations can be very serious and worrisome." *Jones v. Kankakee Cty. Sheriff's Dep't*, 164 F.4th 967, 969 (7th Cir. 2026). "Regrettably, despite numerous news stories, CLE presentations, scholarly articles, and judicial entreaties, AI-hallucinated case citations have increasingly become an even greater problem in our courts, and the problem shows no sign of abating. *Fletcher v. Experian Info. Sols., Inc.*, 2026 U.S. App. LEXIS 4834, at *5 (5th Cir. Feb. 18, 2026). "If it were ever an excuse to plead ignorance of the risks of using generative AI to draft a brief without

1

verifying its output, it is certainly no longer so." *Id.*; *see also In re Martin*, 670 B.R. 636, 647 (Bankr. N.D. Ill. 2025) ("At this point, to be blunt, any lawyer unaware that using generative AI platforms to do legal research is playing with fire [and] is living in a cloud.")

"'[N]o brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that' a lawyer has not personally 'read and verified.'" *Whiting v. City of Athens*, 2026 U.S. App. LEXIS 7479, at *8 (6th Cir. Mar. 13, 2026). Defendant's Motion contains citations to fake cases, citations to real cases but with fake quoted language, and arguments relying on authority that is unsupportive or irrelevant to those arguments. These "error[s] ha[ve] all the hallmarks of a so-called AI 'hallucination,' a circumstance where an AI large language model generates an output that is fictional, inaccurate, or nonsensical. *Jones*, 164 F.4th at 969. "[C]areless use of the tool can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system. *Amarsingh v. Frontier Airlines, Inc.*, 2026 U.S. App. LEXIS 3928, at *17 (10th Cir. Feb. 9, 2026).

The appropriate remedy for this misconduct, at a minimum, is to strike the Motion. *See Grant v. City of Long Beach*, 96 F.4th 1255, 1257 (9th Cir. 2024) (striking brief that included fabricated cases and dismissing appeal as sanction).

## I. Fake Cases Cited in the Motion

"Citing even a single fake case can be sanctionable[.]" *Whiting*, 2026 U.S. App. LEXIS 7479, at *8. Defendant's Motion contains at least two:

- *Maxon v. Hess Oil V.I. Corp.*, 703 F.2d 147, 148-49 (3d Cir. 1983). *See* [64], 9

- *Motown Record Corp. v. Does 1-796*, No. 06 C 1820, 2006 WL 1155827, at *2 (N.D. Ill. Apr. 28, 2006). *See* [64], 11.

2

Plaintiff has not located any case captioned "*Maxon v. Hess Oil V.I. Corp.*" The case citation "703 F.2d 147" is a Fifth Circuit decision that had nothing to do with service of process. *See Vela v. White*, 703 F.2d 147 (5th Cir. 1983).

Likewise, Plaintiff has not located the "*Motown Record Corp.*" case cited by Defendant. A query for Case No. 06-cv-01820 on the Northern District of Illinois - CM/ECF system showed this case number is associated with a prisoner's case, captioned "McClellan v. Sheahan, et al." *See McClellan v. Sheahan, et al.*, No. 1:06-cv-01820 (N.D. Ill. May 25, 2007) (Guzman, J.). Plaintiff identified a copyright infringement case filed in 2004 in this district that was captioned "Motown Record Co LP, et al. v. Does, et al." *Motown Record Co LP, et al. v. Does, et al.*, 1:04-cv-03019 (N.D. Ill. Dec. 15, 2004) (Norgle Sr., J.). However, joinder was not an issue in that case, and there was not an order severing any defendants.

Defendant relied on these nonexistent cases. "The citation of nonexistent cases is especially troublesome; '[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.'" *Amarsingh*, 2026 U.S. App. LEXIS 3928, at *18 (citing *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024). The inclusion of some legitimate case law and legal propositions does not negate this. *See Whiting*, 2026 U.S. App. LEXIS 7479, at *8. Accordingly, striking the Motion is warranted.

## II.     Fabricated Quoted Language and Unsupported Legal Propositions in the Motion

Defendant's Motion also included fabricated quotes. *See Dodds v. Bridges*, 2026 U.S. App. LEXIS 4159, at *14 (10th Cir. Feb. 11, 2026) (describing fabricated quotes as misrepresentation). The Motion included at least the following nonexistent quotations:

| Quote | Page No. in [64] |
|---|---|
| However, the plaintiff cannot "rely on the pleadings alone but must submit affirmative evidence, such as affidavits, deposition testimony, or written admissions, supporting the exercise of jurisdiction." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 (7th Cir. 2009) | 4 |
| Where a complaint names multiple defendants, "a plaintiff must, at a minimum, inform each defendant of the nature of its alleged participation in the fraud." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). | 6 |
| Plaintiffs "may not lump all of the defendants together in each claim and provide no factual basis to distinguish their conduct." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 180 (2d Cir. 2009) | 6 |
| The Supreme Court has held that "the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). | 7 |
| Courts have consistently held that "separate and distinct" acts of infringement, even if similar in nature, do not arise from "the same transaction or occurrence." *See Motown Record Corp. v. Does 1-796*, No. 06 C 1820, 2006 WL 1155827, at *2 (N.D. Ill. Apr. 28, 2006) (severing defendants in copyright case where claims arose from "wholly separate and distinct" acts) | 11 |

In addition to including fake quotes, many of the real cases Defendant cited do not support the legal positions for which they were cited. The *DiLeo* case in the above chart, for example, was in the context of an attempted securities fraud class action against the accounting firm, Ernst & Young (i.e., a single defendant), and the decision was discussing the heightened Rule 9(b) pleading standards for fraud. *See generally DiLeo*, 901 F.2d 624. Copyright infringement does not have a heightened pleading standard, and the case is otherwise irrelevant. *See Rosenstock v. Sollars*, 2018 U.S. Dist. LEXIS 189508, at *11 (N.D. Ill. Nov. 6, 2018) (Rule 8 is standard for copyright infringement). Similarly, *Abdullahi* involved a class action lawsuit against Pfizer, Inc. (i.e., a single defendant), and is neither relevant to this case, nor supports Defendant's argument. *See generally Abdullahi*, 562 F.3d 163.

4

Additionally, as used by Defendant, the fake quote from *GCIU-Emp'r Ret. Fund* is misleading because it implies that plaintiffs must submit evidence supporting the exercise of personal jurisdiction over a defendant merely because a motion to dismiss was filed. *See* [64], 4. This is inaccurate, however, because plaintiffs only need to provide affirmative evidence "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction[.]" *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).[1] Defendant did not file any evidence in support of its Motion, so this standard is irrelevant.

## III. Striking the Motion is Appropriate

The above issues identified by Plaintiff are illustrative and not exhaustive. However, the above examples show that Defendant's counsel "abdicate[d] [his] duty, waste[d] legal resources, and lower[d] the public's respect for the legal profession and judicial proceedings." *Fletcher*, 2026 U.S. App. LEXIS 4834, at *6. Accordingly, the Motion should be stricken. The Court should also order Defendant and its counsel to pay for Plaintiff's attorneys fees incurred with responding to the Motion, and enter any other relief the Court deems appropriate

---

[1] Regarding *Purdue,* Defendant claimed that case stood for the proposition that "[b]ecause Illinois's long-arm statute extends to the limits of federal due process, the two inquiries merge into one." [64], 4. However, *Purdue* was about personal jurisdiction in Indiana not Illinois, which is evident from the first sentence of the case.

Dated this 20th day of March 2026.      Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify all counsel of record.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Sony Interactive Entertainment LLC*